| | |
|---|---|
| 1 | ALAYA B. MEYERS, Bar No. 199551 |
| | ameyers@littler.com |
| 2 | MARIA R. HARRINGTON, Bar No. 201901 |
| | mharrington@littler.com |
| 3 | LITTLER MENDELSON, P.C. |
| | 2050 Main Street, Suite 900 |
| 4 | Irvine, CA 92614 |
| | Telephone: 949.705.3000 |
| 5 | Facsimile: 949.724.1201 |
| 6 | Attorneys for Defendant |
| | DAVE & BUSTER'S, INC. |
| 7 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHERISH NUNNALLY, individually as an aggrieved employee and private attorney general, and on behalf of others similarly situated, | | Case No. 8:16-cv-00855 |
| | Plaintiff, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441, AND 1446** |
| v. | | |
| DAVE & BUSTER'S, INC., a Missouri corporation; and DOES 1 through 10, inclusive, | | |
| | Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF CHERISH NUNNALLY, AND PLAINTIFF'S COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1331, 1441, and 1446, Defendant Dave & Busters, Inc. ("Defendant") hereby removes the above-entitled action, Case No. 30-2014-00696637-CU-WT-CXC, from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, Southern Division.  This Notice is based upon the original jurisdiction of the federal district court over the parties pursuant to 28 U.S.C. section 1331 ("Section 1331") and the Fair Labor Standards Act (29 U.S.C. section 201, *et seq.*, the "FLSA").

Defendant makes the following allegations in support of its Notice of Removal:

## JURISDICTION [LOCAL RULE 8-1]

1.  This Court has original jurisdiction under Section 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(b), in that it is a civil action that presents a federal question.  As set forth below, this case meets all of Section 1331's requirements for removal and is timely and properly removed by the filing of this Notice.

2.  Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(3), 1391, and 1446.

## PROCESS, PLEADINGS, AND ORDERS

3.  On August 2, 2013, Plaintiff Cherish Nunnally ("Plaintiff") filed a putative class action Complaint in the Superior Court for the County of San Francisco against her former employer, Defendant, on behalf of herself and "[a]ll individuals who worked for Defendants in a California 'Dave & Buster's' restaurant as a server at any time during the period from four years prior to the filing of this Complaint until the date of certification."  Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's Complaint, *see* ¶ 19.  Plaintiff also sought to represent those "individuals who worked for Defendants in a California 'Dave & Buster's' restaurant as a server at

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

1  any time during the period from one year prior to the filing of this Complaint until the
2  date of certification." (Exhibit "A," ¶ 20.)  Plaintiff alleges Defendant violated the
3  California Labor Code and section 17200 of California's Business & Professions
4  Code. (Exhibit "A," ¶¶ 30-117.)  Based on these alleged violations, Plaintiff seeks
5  unpaid wages, unpaid meal and rest period premiums, statutory and civil penalties
6  pursuant to the Private Attorneys General Act of 2004 ("PAGA"), as well as
7  restitution and injunctive relief.

8        4.  On September 24, 2013, Plaintiff personally served Defendant with a
9  copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice to Plaintiff.
10 Attached hereto as Exhibit "B" is a true and correct copy of the Summons; attached
11 hereto as Exhibit "C" is a true and correct copy of the Civil Case Cover Sheet; and
12 attached hereto as Exhibit "D" is a true and correct copy of the Notice to Plaintiff.

13       5.  The Notice to Plaintiff set a Case Management Conference for January 8,
14 2014, in Department 610.  (*See* Exhibit "D.")

15       6.  On September 26, 2013, Plaintiff filed a Proof of Service Summons.
16 Attached hereto as Exhibit "E" is a true and correct copy of the Proof of Service
17 Summons.

18       7.  Defendant filed its Answer to the Complaint on October 24, 2013.
19 Attached hereto as Exhibit "F" is a true and correct copy of Defendant's Answer.

20       8.  On that same date, October 24, 2013, Defendant filed and served a
21 Notice of Motion to Transfer Venue to Orange County.  Attached hereto as Exhibit
22 "G" is a true and correct copy of Defendant's Notice of Motion to Transfer Venue.  In
23 conjunction with that Motion, Defendant also filed and served a Memorandum of
24 Points and Authorities, Declaration of John S. Hong, Declaration of Jennifer
25 Yarbrough, Proposed Order, and Proof of Service.  True and correct copies of the
26 Memorandum of Points and Authorities, Declaration of John S. Hong, Declaration of
27 Jennifer Yarbrough, Proposed Order, and Proof of Service are attached hereto as
28 Exhibits "H," "I," "J," "K" and "L," respectively.

9. On November 7, 2013, Plaintiff filed and served a Statement of Non-Opposition to Defendant's Motion to Transfer Venue. A true and correct copy of the Statement of Non-Opposition is attached hereto as Exhibit "M."

10. On November 7, 2013, the Parties filed a Stipulation to Transfer Venue to Orange County, which was entered by the Court on November 12, 2013. A true and correct copy of the Stipulation is attached hereto as Exhibit "N," and a true and correct copy of the Court's entry of the Stipulation is attached hereto as Exhibit "O."

11. On November 26, 2013, Defendant filed and served Plaintiff with a Notice of Entry of Stipulation to Transfer Venue to Orange County. A true and correct copy of the Notice of Entry is attached hereto as Exhibit "P."

12. On December 18, 2013, the Court issued a Transfer Receipt, acknowledging that the matter had been transferred to Orange County Superior Court. A true and correct copy of the Transfer Receipt is attached hereto as Exhibit "Q."

13. On December 19, 2013, the Court issued an Order Continuing Case Management Conference, cancelling the Case Management Conference previously set for January 8, 2014, and continuing it to March 5, 2014, in order to follow up on the status of the transfer of the case. A true and correct copy of the Order is attached hereto as Exhibit "R."

14. On January 13, 2014, the Orange County Superior Court issued a Notice of Transfer, stating that the file in this case had been received on December 23, 2013, and re-assigning the case for all purposes to the Honorable Robert J. Moss. A true and correct copy of the Notice of Transfer is attached hereto as Exhibit "S."

15. On January 17, 2014, the San Francisco County Superior Court received a Transfer Receipt from the Orange County Superior Court, acknowledging receipt of the case and providing a new case number. Attached hereto as Exhibit "T" is a true and correct copy of the Transfer Receipt.

16. On January 21, 2014, the Orange County Superior Court issued a Minute Order and Initial Case Management Order designating the case as Complex, which

1 Plaintiff attached to, and served on, Defendant by way of a Notice of Case Management Conference and Case Management Order on February 4, 2014. A true and correct copy of the Notice attaching the Minute Order and Initial Case Management Order is attached hereto as Exhibit "U."

17. On February 19, 2014, the San Francisco County Superior Court issued an Order That Hearing Is Off Calendar, taking the previously-scheduled March 5, 2014, Case Management Conference off calendar. A true and correct copy of the Order is attached hereto as Exhibit "V."

18. On March 27, 2014, Plaintiff filed and served a Notice of Posting Jury Fees. A true and correct copy of the Notice is attached hereto as Exhibit "W."

19. On March 28, 2014, Plaintiff filed and served a Case Management Statement, in advance of the upcoming Status Conference set for April 7, 2014. A true and correct copy of the Case Management Statement is attached hereto as Exhibit "X." On April 4, 2014, Plaintiff's counsel provided informal notice that the Court continued the Status Conference to August 4, 2014.

20. On July 28, 2014, the Parties filed a Joint Status Conference Statement, in advance of the upcoming Status Conference set for August 4, 2014. A true and correct copy of the Joint Status Conference Statement is attached hereto as Exhibit "Y." On August 1, 2014, Plaintiff's counsel provided informal notice that the clerk had informed Plaintiff's counsel that the Status Conference had been continued to September 29, 2014.

21. On September 22, 2014, the Parties filed a Joint Status Conference Statement, in advance of the upcoming Status Conference set for September 29, 2014. A true and correct copy of the Joint Status Conference Statement is attached hereto as Exhibit "Z." On September 26, 2014, Plaintiff's counsel provided informal notice that the Court continued the Status Conference to January 7, 2015.

/ / /

/ / /

22. On December 19, 2014, Plaintiff filed a Notice of Class Briefing Schedule. A true and correct copy of the Notice of Class Briefing Schedule is attached hereto as Exhibit "AA."

23. On December 30, 2014, the Parties filed a Joint Status Conference Statement, in advance of the upcoming Status Conference set for January 7, 2015. A true and correct copy of the Joint Status Conference Statement is attached hereto as Exhibit "BB."

24. On January 6, 2015, Plaintiff filed and served a Notice of Continuance of Status Conference, providing notice that the January 7, 2015 Status Conference was vacated and rescheduled for April 7, 2015. A true and correct copy of the Notice of Continuance is attached hereto as Exhibit "CC."

25. On March 30, 2015, the Parties filed a Joint Status Conference Statement, in advance of the upcoming Status Conference set for April 7, 2015. A true and correct copy of the Joint Status Conference Statement is attached hereto as Exhibit "DD." On April 6, 2015, Plaintiff's counsel provided informal notice that the Status Conference was continued to July 7, 2015.

26. On May 26, 2015, Plaintiff filed a Joint Stipulation to Continue Class Certification Deadlines. A true and correct copy of the Joint Stipulation is attached hereto as Exhibit "EE." Plaintiff also filed a Proposed Order in conjunction with their Joint Stipulation. A true and correct copy of the Proposed Order is attached hereto as Exhibit "FF." The Court required Plaintiff to re-file the Joint Stipulation to Continue Class Certification Deadlines and Proposed Order, and Plaintiff did so on May 28, 2015. A true and correct copy of the May 28, 2015 Joint Stipulation is attached hereto as Exhibit "GG" and a true and correct copy of the May 28, 2015 Proposed Order is attached hereto as Exhibit "HH."

27. On or about June 1, 2015, the Court entered an Order Granting the Joint Stipulation to Continue Class Certification Deadlines. A true and correct copy of the Order is attached hereto as Exhibit "II."

28.     On June 29, 2015, the Parties filed a Joint Status Conference Statement, in advance of the upcoming Status Conference set for July 7, 2015. A true and correct copy of the Joint Status Conference Statement is attached hereto as Exhibit "JJ."

29.     On July 8, 2015, Plaintiff filed and served a Notice of Continuance of Status Conference, providing notice that the July 7, 2015, Status Conference was rescheduled for October 13, 2015. A true and correct copy of the Notice of Continuance is attached hereto as Exhibit "KK."

30.     On August 12, 2015, the Parties filed a Joint Stipulation to Continue Class Certification Deadlines. A true and correct copy of the Joint Stipulation is attached hereto as Exhibit "LL." The Parties also filed a Proposed Order in conjunction with their Joint Stipulation. A true and correct copy of the Proposed Order is attached hereto as Exhibit "MM."

31.     On or about August 13, 2015, the Court entered an Order granting the Parties' Joint Stipulation to Continue Class Certification Deadlines. A true and correct copy of the Order is attached hereto as Exhibit "NN."

32.     On October 5, 2015, the Parties filed a Joint Status Conference Statement, in advance of the upcoming Status Conference set for October 13, 2015. A true and correct copy of the Joint Status Conference Statement is attached hereto as Exhibit "OO." The Court posted a tentative ruling continuing the Status Conference to January 5, 2016.

33.     On or about December 14, 2015, the Orange County Superior Court issued a Notice of Reassignment, re-assigning the case from the Honorable Robert J. Moss to the Honorable William D. Claster. A true and correct copy of the Notice of Reassignment is attached hereto as Exhibit "PP."

34.     On December 15, 2015, Defendant filed and served a Notice of Application and Application for Celeste R. Yeager to Appear *Pro Hac Vice*. A true and correct copy of the Notice of Application and Application is attached hereto as Exhibit "QQ." In conjunction with this Application, Defendant also filed and served a

Declaration of Celeste R. Yeager and a Declaration of Maria R. Harrington, true and correct copies of which are attached hereto as Exhibits "RR" and "SS," respectively.

35. On January 6, 2016, Plaintiff filed and served a Notice of Ruling Regarding January 5, 2016, Status Conference. A true and correct copy of the Notice of Ruling is attached hereto as Exhibit "TT." The Court scheduled a further Status Conference on March 8, 2016.

36. On January 29, 2016, the Court issued a Minute Order granting Defendant's Application for Celeste R. Yeager to Appear *Pro Hac Vice*. A true and correct copy of the Minute Order is attached hereto as Exhibit "UU."

37. On March 1, 2016, the Parties filed a Joint Status Conference Statement, in advance of the upcoming Status Conference set for March 8, 2016. A true and correct copy of the Joint Status Conference Statement is attached hereto as Exhibit "VV."

38. On March 3, 2016, the Court issued a Minute Order rescheduling the March 8, 2016, Status Conference to April 27, 2016. A true and correct copy of the Minute Order is attached hereto as Exhibit "WW."

39. On April 18, 2016, Plaintiff filed a Stipulation and Order for Leave to File a First Amended Complaint ("FAC"). A true and correct copy of the Stipulation and Order is attached hereto as Exhibit "XX." The Court entered the order the next day and the FAC was deemed filed and served as of April 19, 2016. A true and correct copy of the FAC is attached hereto as Exhibit "YY" and the Order entered by the Court is attached hereto as Exhibit "ZZ."

40. The FAC contains all of the same allegations as the original complaint, but also includes a tenth cause of action for violations of the Fair Labor Standards Act ("FLSA") (29 U.S.C. section 201, *et seq.*). (Exhibit "YY," ¶¶ 117-130.)

41. On April 22, 2016, the Parties filed a Joint Status Conference Statement, in advance of the upcoming Status Conference set for April 27, 2016. A true and

correct copy of the Joint Status Conference Statement is attached hereto as Exhibit "AAA."

42. On April 26, 2016, the Court issued a Minute Order rescheduling the April 27, 2016, Status Conference to June 20, 2016. A true and correct copy of the Minute Order is attached hereto as Exhibit "BBB."

43. Pursuant to 28 U.S.C. section 1446(a), the attached exhibits constitute all process, pleadings, and orders served upon Defendant or filed or received in this action by Defendant.

**TIMELINESS OF REMOVAL**

44. As set forth above, the FAC, which contains a new cause of action for violation of the FLSA, was deemed filed on April 19, 2016.

45. Pursuant to 28 U.S.C. section 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

46. Thus, this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant was effectively served with the FAC.

**FEDERAL QUESTION JURISDICTION PURSUANT TO SECTION 1331**

47. Section 1331 provides as follows:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

48. This action is a civil action over which this Court has original jurisdiction based upon the existence of a federal question pursuant to Section 1331, and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action that presents a federal question as set forth below.

///

49. This action arises out of Plaintiff's employment with Defendant. The FAC expressly alleges that "Plaintiff and class members have been entitled to the rights, protections, and benefits provided under the FLSA, codified as 29 U.S.C. §§ 201, et seq" and that "Defendant violated the FLSA by failing to pay the required minimum wage and by failing to properly calculate and/or pay overtime to Plaintiff and the class as alleged herein." (Exhibit "YY," ¶¶ 117-130.) Plaintiff similarly purports to bring FLSA Claims on behalf of a "class" of other employees. (*Id.*) As such, this Court has original jurisdiction under Section 1331 as "arising under the Constitution, laws, or treaties of the United States."

50. Accordingly, this case may be removed to this Court by Defendant pursuant to Section 1331 and 28 U.S.C. section 1441(b) because it is a civil action that arises under the laws of the United States. *See* Section 1331; *Jones v. Giles*, 741 F.2d 245, 248 (9th Cir. 1984) (holding that federal courts have federal question jurisdiction over FLSA claims).

51. The remaining claims, all related to Plaintiff's or the purported class' employment with Defendant, are based on the same facts, events, transactions and occurrences as Plaintiff's FLSA claim and are so related to Plaintiff's FLSA claim as to form part of the same case and controversy. Therefore, the Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. section 1367(a). Alternatively, the Court has jurisdiction of the remaining claims pursuant to 28 U.S.C. section 1441(c). *See Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 761 (9th Cir. 2010), vacated on other grounds, 132 S.Ct. 74 (2011) (finding supplemental jurisdiction over state law claims in a case alleging FLSA and California Labor Code violations). Moreover, Plaintiff's other state law claims are derivative of her FLSA claims since they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004).

///

## NOTICE TO STATE COURT AND PLAINTIFF

52. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff, Raul Perez, Melissa Grant, Arnab Banerjee, and Suzy Lee, Capstone Law APC. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Orange.

Dated: May 6, 2016

/s/ Maria R. Harrington
ALAYA B. MEYERS
MARIA R. HARRINGTON
LITTLER MENDELSON, P.C.
Attorneys for Defendant
DAVE & BUSTER'S, INC.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

10.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2050 Main Street, Suite 900, Irvine, California 92614. On May 6, 2016, I served the within document(s):

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441, AND 1446**

☐ by facsimile transmission on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 949.724.1201. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Irvine, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by directing First Legal Attorney Service to personally deliver a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is kgarcia@littler.com.

11.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

|   |   |
|---|---|
| 1 | Raul Perez, Esq. |
| 2 | Melissa Grant, Esq.<br>Arnab Banerjee, Esq. |
| 3 | Alexandria Witte, Esq.<br>CAPSTONE LAW APC |
| 4 | 1840 Century Park East, Suite 450<br>Los Angeles, CA 90067 |
| 5 | Telephone (310) 556-4811<br>Facsimile: (310) 943-0396 |
| 6 | Email:     raul.perez@capstonelawyers.com<br>melissa.grant@capstonelawyers.com |
| 7 | arnab.banerjee@capstonelawyers.com<br>alexandria.witte@capstonelawyers.com |
| 8 | Attorneys for Plaintiff Cherish Nunnally |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 6, 2016, at Irvine, California.

_____
Karla Garcia

Firmwide:140251639.2 079195.1009

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

12.